### BRADFORD v. DIRECTOR GENERAL OF RAILROADS OF MEXICO. (No. 1806.)

(Court of Civil Appeals of Texas. El Paso. Nov. 19, 1925.)

1. **International law ⊕10—Evidence held sufficient to support findings that railroad was property of government of Mexico.**

Testimony of station agent of railroad company that roads were taken over by Mexican government, and all money taken in was sent to treasurer general for the government, *held* to support findings that railroad was property of and owned by government of Mexico and operated as an agency thereof.

2. **International law ⊕10—Courts of United States will not entertain jurisdiction of suit against foreign sovereignty.**

Courts of United States will not entertain jurisdiction of a suit against a foreign sovereignty.

3. **International law ⊕10—Trial court has no jurisdiction of suit against railroad owned and operated by government of Mexico.**

Without consent of government of Mexico to be sued in a foreign court, trial court has no jurisdiction in suit against railroad owned and operated as an agency of the government of Mexico.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Suit by Stewart P. Bradford against the Director General of Railroads of Mexico, doing business under the name of Ferrocarriles Nationales de Mexico y Anexos. From an order dismissing the cause, plaintiff appeals. Affirmed.

John T. Hill, of El Paso, for appellant.
W. H. Fryer, of El Paso, for appellee.

PELPHREY, C. J. Appellant, a citizen of the United States, brought this suit against appellee in the Sixty-Fifth district court of El Paso county, alleging that on or about the 30th day of September, 1920, he entered into a written contract with appellee to paint certain railroad bridges on the lines of railroad that had been taken over by the government of Mexico and were being operated and managed by appellee; that "Ferrocarriles Nationales de Mexico y Anexos" is a foreign corporation operating railroads and trains throughout Mexico and into the city and county of El Paso, state of Texas, and has an agent in the city of El Paso, El Paso county, Tex., by the name of A. de la Torre; that appellee breached the contract aforesaid to his damage in the sum of 65,850 pesos gold; and that a total of 46,450 pesos gold has been paid, leaving a balance of 19,450 pesos gold, or $9,725, due appellant. The agent of appellee was duly served in El Paso county, Tex. Appellee did not appear, but his attorney appeared and filed an amicus curiæ affidavit setting up the fact that the National Railways of Mexico and Annexes was being operated, managed, and controlled by the government of Mexico, itself, and that all persons having any relationship to or concerned with the operation of said railways are solely, exclusively, and entirely employees of the government of the United States of Mexico, and have no relation or connection with any corporate entity. That said United States of Mexico took over the control, management, and operation of the systems of railway, which are component parts of the National Railways of Mexico and Annexes, under the régime and administration of President Venustiano Carranza by decree, and have remained in such control, operation, and management of the government of Mexico ever since that time, and so continues up to the date of the verification of the amicus curiæ affidavit.

A hearing was had upon the aforesaid affidavit, and the trial court dismissed the cause for want of jurisdiction.

The court filed findings of fact and conclusions of law as follows:

"Findings of Fact.

"(1) That the stock of the corporations which owned the railroads was at the time of the contract alleged in plaintiff's petition, and at all times since and now, owned by the government of Mexico.

"(2) That the physical property used in connection with the operation of the railroads is the property of, and owned by, the government of Mexico.

"(3) That the money received for transportation is the money of the government of Mexico.

"(4) That the railroads are operated by an agency of the government for the government.

"(5) That, under the laws of Mexico, the government of Mexico may be sued in a tribunal, sitting in the city of Mexico.

"Conclusions of Law.

"1. This suit is a suit against the government of Mexico.

"2. And for the reason that it is a suit against the government of Mexico, a foreign sovereignty, this suit cannot be maintained in this court.

"3. This suit should be dismissed."

Appellant contends that the court erred in finding that the stock of the corporations

which owned the railroads was at all times owned by the government of Mexico; that the physical properties were owned by the government of Mexico; that it was a suit against the government of Mexico, a foreign sovereignty, and in holding that, in effect, the suit interfered with the functions of the government of Mexico and that its jurisdiction was in violation of any rule of comity.

[1] Eligio de la Torre, station agent for appellee in Juarez, Mexico, testified that—

"The railroads were taken over by the government in the year 1914, by V. Carranza; that the general manager is appointed by Mr. Obregon, the President of Mexico; that the name under which the business is carried on is 'Ferrocarriles Nationales de Mexico y Anexos Admistrados por el Governo'; that all the money taken in is sent to Mr. Juan Plat, who is Treasurer General, and it is for the government; that the Ferrocarriles Nationales de Mexico y Anexos, as operated, is not a corporation; and that the National Railroad of Mexico is owned entirely by the government."

This testimony, alone, we think, amply supports the findings of the court.

[2] The evidence showing appellee to be an agent of the Mexican government in the management of its railroad, then the next question to be decided will be whether or not the courts of this country will entertain jurisdiction of a suit against a foreign sovereignty. We have examined the authorities and have found the overwhelming weight of authority to be against any such action. 33 Corpus Juris, p. 397; The Siren v. U. S., 7 Wall. 152, 19 L. Ed. 129; Nicholl v. U. S., 7 Wall. 122, 19 L. Ed. 125; Oliver American Trading Co., Inc., v. Government of the United States of Mexico, and the National Railways of Mexico (C. C. A.) 5 F. (2d) 659. And we think to hold otherwise would, as was said in De Haber v. Queen of Portugal, 17 Q. B. 171, be contrary to the laws of nations and such an insult to the foreign sovereignty as it would be entitled to resent. As was said by the Court of Appeals of New York in the case of Wulfsohn et al. v. Russian Socialist Federated Soviet Republic, 234 N. Y. 372, 138 N. E. 24:

"In either case to do so would 'vex the peace of nations.' In either case the hands of the state department would be tied. Unwillingly it would find itself involved in disputes it might think unwise. Such is not the proper method of redress, if a citizen of the United States is wronged. The question is a political one, not confided to the courts but to another department of government. Whenever an act done by a sovereign in his sovereign character is questioned, it becomes a matter of negotiation, or of reprisals or of war."

[3] While it may be true that the government of Mexico has consented by the provisions of its Constitution to be sued in the Supreme Court of Justice at Mexico City, yet there is no evidence that it has ever consented to be sued in a foreign country, and without that consent the trial court would have had no jurisdiction in this case, and its judgment in dismissing the cause for want of jurisdiction was correct.

Affirmed.